UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| GULF CHEMICAL & METALLURGICAL | ) |
| CORPORATION, a Texas corporation, *et al.*,[1] | ) Case No. 16-_____ |
| | ) (Request for Joint Administration |
| Debtors. | ) Pending) |
| | ) |
| GULF CHEMICAL & METALLURGICAL | ) |
| CORPORATION, a Texas corporation, *et al.*, | ) |
| | ) Docket No. ____ |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| No Respondent, | ) |
| | ) |
| Respondent. | ) |

**EX PARTE MOTION OF DEBTORS FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES; AND (II) APPROVING CAPTION FOR JOINTLY ADMINISTERED CASES**

The above-captioned debtors and debtors in possession, Gulf Chemical & Metallurgical Corporation ("Gulf") and Bear Metallurgical Company ("Bear," and together with Gulf, the "Debtors"), hereby move the Court (this "Motion") for the entry of an order, pursuant to section 342 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 1005, 1015(b), and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (ii) approving a caption for the jointly administered cases.

In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Gulf Chemical & Metallurgical Corporation, a Texas corporation (3600) and Bear Metallurgical Company, a Delaware corporation (1238).

2290068.v1

**Background**

1. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Declaration of Eric Caridroit in Support of Chapter 11 Petitions and First Day Motions (the "Caridroit Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[2]

**Relief Requested**

4. Gulf and Bear are related entities, with Bear being a wholly-owned subsidiary of Gulf. Gulf and Bear are indirectly majority owned by non-debtor Eramet, a mining and metallurgical company headquartered in France. The Debtors are each located in the United States and operate within the manganese group of companies. The Debtors are distinct businesses, with separate employees, creditors, and processes; however, the Debtors do business with each other and in some respects, share certain services, systems, and resources with each other, and work each other and the other entities in the manganese group. The expense and potential confusion of running separate chapter 11 cases would materially hamper the Debtors'

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Caridroit Declaration.

restructuring efforts and drive up administrative costs. In addition, the Debtors are filing these cases with a goal of selling their assets as a going concern, either separately or together. Separate administration of the sale process would be duplicative and could harm the outcome. Therefore, the Debtors are requesting that the Court jointly administer the Debtors' chapter 11 cases for procedural purposes only. The Debtors are not requesting that the cases be substantively consolidated.

**B.     Request for Joint Administration of the Chapter 11 Cases**

5.     Bankruptcy Rule 1015(b) provides in pertinent part that, "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor."

6.     Both of Debtors are corporate entities and are affiliated through common ownership – Bear is a wholly-owned subsidiary of Gulf. Thus, the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code, and joint administration of their estates is appropriate under Bankruptcy Rule 1015(b). Accordingly, the Debtors request that their chapter 11 cases be jointly administered for procedural purposes only.

7.     The joint administration of the Debtors' cases will have a number of beneficial effects. Joint administration will permit the Clerk of this Court to utilize a single general docket for these cases, which will assist both the Court and all parties in interest to more easily track substantive matters related to the cases. The Debtors also anticipate that numerous notices in these cases will affect each of the Debtors and their respective estates. Joint administration will allow the Debtors and the Court, as appropriate, to combine those notices, thus significantly reducing the noticing burden in the cases. Finally, joint administration will, in many instances,

3

significantly reduce the volume of paperwork and make administrative tasks of the Court and parties in interest less burdensome, costly, and time-consuming.

8. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

C. **Request for a Consolidated Case Caption**

9. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases is as follows:

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| In re: | ) | |
|---|---|---|
| | ) | Chapter 11 |
| GULF CHEMICAL & METALLURGICAL CORPORATION, a Texas corporation, et al.,[1] | ) ) | Case Nos. 16-_____ & 16_____ |
| | ) | (Jointly Administered under Case No. |
| Debtors. | ) | 16-_____) |
| | ) | |
| GULF CHEMICAL & METALLURGICAL CORPORATION, a Texas corporation, et al., | ) ) | Judge |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| [Relevant respondent or "No Respondent"], | ) | |
| | ) | |
| Respondent. | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Gulf Chemical & Metallurgical Corporation, a Texas corporation (3600) and Bear Metallurgical Company, a Delaware corporation (1238).

10. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the dockets for each affiliated Debtor to reflect the joint administration of the cases:

4

An order (the "Joint Administration Order") has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Gulf Chemical & Metallurgical Corporation and Bear Metallurgical Company. The docket in Case No. 16-_____ should be consulted for all matters affecting these cases.

11.  Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in the Debtors' cases should include, in the caption, the applicable Debtor's name, address, employer identification number, last four digits of social security number; any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. See; e.g., 11 U.S.C. § 342; Bankruptcy Rules 1005, 2002(n). The failure to include the preceding information in such notice, however, does not invalidate the notices. See 11 U.S.C. § 342(c). Moreover, Bankruptcy Rule 2002 provides that the Court may establish the form of notices served in these bankruptcy cases. See Bankruptcy Rule 2002(m). Accordingly, to further streamline the administration of the Debtors' chapter 11 cases, and to provide for consistent noticing procedures after joint administration, the Debtors request approval of a single caption for the jointly administered cases as identified above.

12.  The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification. Such information is included in the petitions for each respective Debtor, and such petitions are publicly available to parties in interest or can be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

13.  The relief requested herein has been granted in this District and other Districts frequently in the past. See, e.g., In re Maronda Homes, Inc., et al., No. 11-22418 (Bankr. W.D. Pa. Apr. 11, 2011); In re Damon's International, Inc., et al., No. 09-27920 (Bankr. W.D. Pa. Feb.

5

24, 2010); In re QSL of Medina, Inc., et al., No. 15-52722 (Bankr. N.D. Ohio Nov. 17, 2015); In re Lee Steel Corp., et al., No. 15-45784 (Bankr. E.D. Mich. Apr. 15, 2015); In re B&C Corporation, Inc., No. 09-51455 (Bankr. N.D. Ohio Apr. 10, 2009); In re Republic Engineered Products Holdings LLC, No. 01-51117 (Bankr. N.D. Ohio Oct. 8, 2003).[3]

14.  Finally, an order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

15.  For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases. The Debtors further request that a docket entry reflecting the joint administration, in the same or substantially the same form as contained in the proposed order accompanying this Motion, be made in each of the Debtors' cases.

### Notice

16.  No trustee, examiner or official committee has been appointed in the Debtors' chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Western District of Pennsylvania; (ii) those creditors listed on the Debtors' List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtors' prepetition secured lender; (iv) the District Director of Internal Revenue; (v) the proposed debtor-in-possession financing lender; (vi) the Texas Commission on Environmental Quality; and (vii) the Texas Office of the Attorney General Environmental Protection Division. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

### No Prior Request

17.  No prior request for the relief sought herein has been made to this Court or any

---

[3] Copies of unreported orders are available upon request to Debtors' counsel.

other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) approving joint administration of the Debtors' chapter 11 cases for procedural purposes only; (ii) approving the caption for the jointly administered cases; and (iii) granting such other and further relief as is proper and just.

Dated:  June 14, 2016

Respectfully submitted,

Sean D. Malloy (Ohio 0073157) (*pro hac vice* pending)
Michael J. Kaczka (Ohio 0076548) (*pro hac vice* pending)
Joshua A. Gadharf (Michigan P76860) (*pro hac vice* pending)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
E-mail:  smalloy@mcdonaldhopkins.com
            mkaczka@mcdonaldhopkins.com
            jgadharf@mcdonaldhopkins.com

-and-

*/s/ William E. Kelleher, Jr.*
William E. Kelleher, Jr. (Pa. I.D. No. 30747)
Thomas D. Maxson (Pa. I.D. No. 63207)
Helen S. Ward (Pa. I.D. No. 204088)
COHEN & GRIGSBY, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 297-4900
Facsimile:  (412) 209-0672
Email: wkelleher@cohenlaw.com
           tmaxson@cohenlaw.com
           hward@cohenlaw.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION